**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———

No. 04-4334

———

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KING SOLOMON BIRD,

Defendant- Appellant.

———

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, District
Judge.  (CR-03-989)

———

Submitted:  July 29, 2005          Decided:  September 15, 2005

———

Before LUTTIG, KING, and DUNCAN, Circuit Judges.

———

Affirmed by unpublished per curiam opinion.

———

Jill E.M. HaLevi, Assistant Federal Public Defender, Charleston,
South Carolina, for Appellant.  J. Strom Thurmond, Jr., United
States Attorney, Carlton R. Bourne, Jr., Assistant United States
Attorney, Charleston, South Carolina, for Appellee.

———

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

King Solomon Bird appeals from his conviction and sentence imposed for violation of 21 U.S.C. § 841(b)(1)(B) (2000). Bird assigns error to the district court's denial of his motion to suppress evidence and imposition of a sentence in violation of the Sixth Amendment. Finding no error, we affirm.

After a traffic stop and continued questioning, Bird consented to a search of his vehicle. Cocaine was found during the search in a cupholder compartment. Bird moved to suppress the drugs found during the search. The district court denied the motion. We review the district court's factual findings underlying a motion to suppress for clear error and its legal determinations de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). When a motion to suppress has been denied, this court construes the evidence in the light most favorable to the government. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

Bird first argues that the additional questioning after completion of the traffic stop was impermissible. The district court found that the continued encounter with the state trooper was consensual. Once a traffic stop has concluded, a continued conversation between an officer and suspect can be a consensual encounter if a reasonable person would have felt free to leave.

See, e.g., <u>United States v. Weaver</u>, 282 F.3d 302, 309 (4th Cir. 2002).

We have found consent to be voluntary on facts similar to those in the case at hand. In <u>United States v. Lattimore</u>, 87 F.3d 647 (4th Cir. 1996), as here, a trooper stopped a suspect and escorted him to his car after a traffic violation. <u>Id.</u> at 649. Moreover, after checking the suspect's license and returning it to him, while the suspect was exiting the car, the officer asked if he could search the vehicle. <u>Id.</u> Finally, the suspect orally consented and the resulting search turned up illegal narcotics. <u>Id.</u> at 649-50. The court found the consent voluntary because the totality of the circumstances indicated that a reasonable person would have felt free to decline the request for consent. <u>Id.</u> at 651. In addition, circumstances present in <u>Lattimore</u> and in Bird's case are that the stop occurred on a highway during the daytime, and the questioning was casual in nature. <u>Id.</u>.

In this case, Bird voluntarily gave consent without prompting by the trooper, although the trooper did continue to ask whether there were illegal drugs in the vehicle. This court has also held that a search was consensual even though an officer repeatedly asked questions about the presence of illegal items in the vehicle after returning a suspect's license at the conclusion of the traffic stop. <u>United States v. Sullivan</u>, 138 F.3d 126, 133 (4th Cir. 1998). We therefore do not find error in the district

court's factual finding that the continued encounter was consensual.

Bird next argues that his consent to search the vehicle did not extend to all compartments in the minivan.  As to the scope of the search, the Supreme Court has established that the appropriate test is an objective one — what a reasonable person would have understood the exchange between the officer and the individual to encompass.  Florida v. Jimeno, 500 U.S. 248, 251 (1991).  Individuals may limit the scope of their consent, but when, as here, a suspect does not expressly limit the scope of the search, the test remains what a reasonable person would believe to be included within the scope of the consent.  Id. at 252.

In Jimeno, the Court concluded that once Jimeno gave consent to search his car without limitation, it was reasonable to search in a paper bag on the floor of the car because the officer informed Jimeno that he was looking for drugs, and a reasonable person would expect to find drugs inside a container.  Id. at 251.  Similarly, Trooper Housand specifically asked Bird about drugs, so it was reasonable for Bird to assume that the trooper would be looking for drugs in hidden areas in his minivan, and not merely "take a look," as Bird argues.  Because the conversation between Trooper Housand and Bird indicated that the trooper was looking for drugs, Bird has no colorable contention that the search exceeded the scope of his consent.  We therefore conclude that the district

- 4 -

court did not err in denying Bird's motion to suppress the drugs seized during the search.

Bird next argues that his sentence is illegal in light of Blakely v. Washington, 542 U.S. 296 (2004). In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that Blakely applies to the federal Sentencing Guidelines and that the mandatory Guidelines scheme, which provided for sentence enhancements based on facts found by the court, violated the Sixth Amendment. 125 S. Ct. at 746-48, 755-56 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing and excising the statutory provisions that mandate sentencing and appellate review under the Guidelines, thus making the Guidelines advisory. Id. at 756-57 (Breyer, J., opinion of the Court). Subsequently, in United States v. Hughes, 401 F.3d 540 (4th Cir. 2005), this Court held that a sentence that was imposed under the pre-Booker mandatory sentencing scheme and was enhanced based on facts found by the court, not by a jury or, in a guilty plea case, admitted by the defendant, constitutes plain error that affects the defendant's substantial rights and warrants reversal under Booker when the sentence "exceeded the maximum allowed based on the facts found by the jury alone" and the record does not disclose what discretionary sentence the district court would have imposed under an advisory guideline scheme. Hughes, 401 F.3d at 546-47, 556 (citing United States v. Olano, 507 U.S. 725, 731-32 (1993)).

- 5 -

In this case there is no constitutional violation because the guideline range was not enhanced based on any judicial fact-finding. Bird's base offense level was 26, pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(c)(7) (2003), based on the 500 grams or more of cocaine found by the jury. He received no other enhancements. He had a criminal history category of II, and therefore the resulting guideline range was 70-87 months of imprisonment. USSG Ch.5 Pt.A. The district court imposed an eighty-month term of imprisonment. Therefore, there was no error under Hughes.

Bird argues that the fact that he was sentenced using the Sentencing Guidelines, without an alternative sentence, renders his sentence illegal. To the extent that Bird challenges the court's application of the Guidelines as a mandatory rather than an advisory sentencing scheme, he has not made any attempt to show that this error affected his substantial rights, i.e., that the error actually affected the sentence imposed. See United States v. White, 405 F.3d 208, 223 n.10 (4th Cir. 2005) (citing Hughes, 401 F.3d at 551); see also Olano, 507 U.S. at 734-35 (under plain error test, defendant bears burden of proving that error affected substantial rights).

We therefore affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
